UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DICKERSON,

          Plaintiff,

    v.                                                Case No. 23-cv-1104-bhl

MILWAUKEE COUNTY, et al.,

          Defendants.

## ORDER

Plaintiff Travis Dickerson, who is currently serving a prison sentence at the Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Dickerson's motion for leave to proceed without prepayment of the filing fee and to screen the complaint. Dkt. Nos. 1-2.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Dickerson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Dickerson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.33. Accordingly, the Court will grant Dickerson's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

On February 16, 2021, Dickerson transferred from the Milwaukee County "House of Corrections" to the Milwaukee County Jail. Dkt. No. 1 at 2. During the transfer, Milwaukee County lost "a lot" of his property. *Id.* at 2 & 6. On March 2, 2022, Dickerson attempted to file a notice of claim against Milwaukee County in connection with his lost property. *Id*. at 2-3. Shortly thereafter, Sara Moore and Clerk Perez began confiscating his legal mail to stop his litigations. *Id*. at 3. In March 2022, Moore and Perez confiscated Dickerson's incoming and outgoing legal mail to the Wisconsin Bar Association in connection with an attorney referral he needed for his federal lawsuit. *Id*. In May 2022, Moore and Perez confiscated legal mail in connection with a massive tort lawsuit against Milwaukee County and the Wisconsin County Mutual Insurance Company in state court. *Id*. at 3-4. In December 2022, Moore and Perez confiscated incoming and outgoing legal mail from the Eastern District of Wisconsin. *Id*. at 4. Dickerson discovered these confiscations when he asked for his mail log. *Id*. at 3. Dickerson contacted the Wisconsin County Mutual Insurance Corporation (which insures Milwaukee County) regarding his lost property, and it responded that it was not liable for losing his property and would not settle for monetary damages. *Id*. at 5-6. For relief, Dickerson seeks monetary damages for the value of his lost property. *Id*. at 7-8.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

3

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Dickerson asks to proceed with a Fourteenth Amendment deprivation of property claim against Milwaukee County and Wisconsin County Mutual Insurance Corporation; and a First Amendment denial of legal mail claim against Moore and Perez.

This is the *fifth* time Dickerson has attempted to bring a loss of property claim relating to these same allegations. *See Dickerson v. Bloome, et al.*, case no. 22-cv-500-bhl; *Dickerson v. Milwaukee County, et al.,* case no. 22-cv-1432-bhl; *Dickerson v. Moore, et al.,* case no. 23-cv-599-bhl; and *Dickerson v. Milwaukee County, et al.,* case no. 23-cv-890-bhl. He has now been repeatedly warned that his allegations did not state a valid claim under federal law and his lawsuit did not belong in federal court. *See e.g. Dickerson v. Milwaukee County, et al.,* case no. 23-cv-890-bhl, Dkt. No. 15 at 4. At the same time, the Court has allowed Dickerson to proceed on First Amendment claims related to the alleged denial of mail claim in two different lawsuits. *See Dickerson v. Milwaukee County, et al.,* case no. 22-cv-1432-bhl; *see Dickerson v. Moore, et al.,* case no. 23-cv-599-bhl. These cases have been consolidated and are currently in discovery. *See id*.

At this point, the Court finds that Dickerson is abusing the judicial system by filing duplicative and unnecessary lawsuits alleging the same facts and claims, against the same defendants, that have already been addressed in other lawsuits. *See e.g., Srivastava v. Daniels*, 409 F. App'x 953, 954–56 (7th Cir. 2011) (noting that a lawsuit can be frivolous and dismissed at screening if it is "duplicative of other filings" and "the most recent of many similar suits."); *see also Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002) (noting that the Prison Litigation Reform Act is specifically intended to address "abusers of the judicial system."). Accordingly, the Court

4

Case 2:23-cv-01104-BHL   Filed 12/01/23   Page 4 of 6   Document 13

will dismiss this case as frivolous and will impose a strike under §1915(g) for filing a frivolous lawsuit.

Dickerson is warned that a "pattern of initiating sprawling and frivolous lawsuits, with new suits building upon earlier ones" can subject him to monetary fines and a possible filing bar. *Srivastava*, 409 F. App'x 953, 955–56 (citing *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir.1995)). If Dickerson wants to retain the right to pursue serious claims, he must "immediately desist from all frivolous litigation, and in particular [he] must not repeat contentions that the judiciary has already told [him] are unwarranted." *Id.*

## Conclusion

**IT IS THEREFORE ORDERED** that Dickerson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because it is frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g) for filing a frivolous lawsuit.

**IT IS FURTHER ORDERED** that the agency having custody of Dickerson shall collect from his institution trust account the **$346.67** balance of the filing fee by collecting monthly payments from Dickerson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Dickerson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Dickerson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on December 1, 2023.

                                                    s/ *Brett H. Ludwig*
                                                    BRETT H. LUDWIG
                                                    United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.